UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ERIC GARCIA,

Petitioner,

v.

STATE OF NEVADA,

Respondent.

Case No. 3:25-cv-00742-ART-CLB

ORDER

Eric Garcia, an individual incarcerated at Nevada's Ely State Prison, is serving an aggregate sentence of life in prison with the possibility of parole after 20 years, on a conviction pursuant to a guilty plea of lewdness with a child under 14 years of age and unlawful use of a minor in producing pornography or as a subject of sexual portrayal in performance. (*See Garcia v. State*, 2021 WL 614056 (Court of Appeals of Nevada, Dec. 19, 2021).) Garcia initiated this action on December 16, 2025, by submitting for filing a document entitled "Motion for Post-Conviction Habeas Corpus Modification of Illegal Sentence" (ECF No. 1-1) and an exhibit (ECF No. 1-2). The exhibit included an application to proceed *in forma pauperis* (ECF No. 1-2 at 3–5) On December 22, Garcia filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 3.)

The Court examined Garcia's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and, in an order entered on December 29, 2025, found that his claims were patently frivolous and false. Garcia claims that the Nevada court in which he was convicted and sentenced was without jurisdiction because of a defect in certain Nevada statutes, and/or in their enactment and codification. (*See* ECF No. 1-1; ECF No. 4 at 2.) The Court therefore dismissed this action on December 29, 2025, and judgment was entered on the same date. (ECF Nos. 4, 5.) Garcia did not appeal.

On July 23, 2026, Garcia filed another application to proceed *in forma pauperis*. (ECF No. 6.) Attached to the application to proceed *in forma pauperis* is a document entitled "Motion for Post Conviction Habeas Corpus Modification of Illegal Sentence." (*Id.* at 4–45.)

The Court treats Garcia's July 23 filing as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) entitles the moving party to relief from judgment on several grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b). The Ninth Circuit has held that a party merits relief under Rule 60(b)(6) if he demonstrates "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002) (citation omitted). A motion made under Rule 60(b) must be made within a reasonable time, and, if based on one of the first three reasons, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (citation omitted).

Treating Garcia's July 23 filing as a motion for relief from the judgment, the Court finds that it is untimely and that, at any rate, it does not satisfy Rule 60(b). Garcia establishes no reason for the Court to reconsider the December 29, 2025, order, or for the Court to grant him relief from the judgment of that date.

///

///

It is therefore ordered that Petitioner's Application to Proceed *in Forma Pauperis* (ECF No. 6) is denied.

Because jurists of reason would not find it debatable whether the Court is correct in this ruling, it is further ordered that Petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of Court is kindly directed to transmit a copy of this Order to the Attorney General of the State of Nevada.

DATED THIS 30th day of July, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE